SOCIAL PSYCHOLOGICAL SERVICES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Social Psychological Servs. v. Commissioner
Docket No. 19319-92
United States Tax Court
T.C. Memo 1993-565; 1993 Tax Ct. Memo LEXIS 577; 66 T.C.M. (CCH) 1458; November 30, 1993, Filed *577 Decision will be entered for respondent. For petitioner: Susan Jane Winters. For respondent: Donald K. Rogers. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rule of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income tax for 1988 in the amount of $ 2,476 and for 1989 in the amount of $ 3,028.04. Social Psychological Services, Inc. (hereinafter petitioner) was an Ohio corporation for taxable years 1988 and 1989, and was a personal service corporation for Federal income tax purposes. Petitioner concedes it is not entitled to deductions in 1988 for entertainment and selling expenses in the amount of $ 2,379 and $ 1,205, respectively. The issue remaining for decision is whether petitioner is entitled to deduct rent payments in an amount in excess of that allowed by respondent. Some of the facts have been stipulated and they are so found. The stipulation of facts and the attached exhibits are incorporated *578 by this reference. At the time the petition herein was filed petitioner's principal place of business was in Columbus, Ohio. During the years in issue petitioner sublet office space from its sole shareholder, George E. Serednesky (hereinafter Serednesky). Serednesky rented the office space occupied by petitioner from an unrelated third party. There is no written lease between Serednesky and the unrelated third party. Petitioner paid Serednesky $ 16,604 in rent in 1988, and $ 20,000 in rent in 1989. Petitioner deducted the rent on its Federal income tax returns for the years in issue. Serednesky paid the unrelated third party $ 8,000 in rent in 1988 and $ 16,000 in rent in 1989. Respondent determined that petitioner was entitled to rent deductions in 1988 and 1989, in the amounts of $ 8,000 and $ 16,000, respectively, and disallowed the balances claimed. Petitioner bears the burden of proving that respondent's determination is erroneous. Rule 142(a). Section 162(a)(3) provides that a taxpayer may deduct all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business including: (3) rentals or other payments required to *579 be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.
Although section 162(a)(3) does not specifically limit deductions for rental payments to a "reasonable allowance", when there is a close relationship between the lessor and the lessee and there is asserted to be a lack of arm's-length dealing between them, as in the instant case, an inquiry into what constitutes reasonable rental is necessary to determine whether the sum paid is in excess of what the lessee would have been required to pay had he dealt at arm's length with a stranger. . We must inquire as to whether amounts claimed as deductible rental payments were in excess of what was required to be made as a condition to the continued use and occupancy of the property. The statute does not permit the deduction of an amount which is in no sense a legitimate business expense. , *580 affg. . Respondent determined that the deductions for rent payments claimed by petitioner were excessive and disallowed rent deductions in amounts in excess of the rent paid by Serednesky to the unrelated third party. Petitioner asserts that the rental payments made by it during taxable years 1988 and 1989 were required to be made as a condition to the continued possession of its business premises and are therefore deductible in full under section 162(a)(3). We agree with respondent. There is no written lease between Serednesky and the unrelated third party fixing Serednesky's rent. In 1988 and 1989, Serednesky paid the unrelated third party $ 8,000 and $ 16,000 in rent, respectively. Yet, petitioner paid rent to Serednesky in 1988 and 1989 in the amounts of $ 16,604 and $ 20,000, respectively. In short, petitioner paid $ 8,604 more in rent in 1988, and $ 4,000 more in rent in 1989, than Serednesky paid to the unrelated third party. Serednesky testified that the difference between the rent he paid the unrelated third party and the rent petitioner paid him was due to his desire to build a reserve in the event that the unrelated third *581 party raised the rent. Serednesky also testified that he made unspecified improvements to the property which offset his rental payments to the unrelated third party. We have considered the testimony and find it singularly unpersuasive. We are not required to accept unquestioningly Serednesky's uncorroborated testimony, and we decline to do so in this instance. , affd. . Serednesky also testified that he paid the unrelated third party $ 14,376 in rent in 1982, 1983, and 1984 and $ 11,976 in rent in 1985. The amount of rent paid by Serednesky to the unrelated third party in the prior years 1982 through 1985 has little or no probative value in the resolution of the issue in the years before us. Here, the only reliable evidence available as to what petitioner would be required to pay if it had dealt at arm's length with a stranger is the rent charged Serednesky by the unrelated third party, or $ 8,000 in 1988 and $ 16,000 in 1989. Petitioner's convoluted argument that the rental payments by Serednesky to the third party did not reflect an arm's-length *582 transaction is singularly tenuous and, in our view, has little support in the record. We have fully considered petitioner's arguments and find them meritless. On the basis of this record, we find that the rent paid by petitioner to Serednesky in the years in issue was in excess of that required to be paid for the continued use and occupancy of its business premises. We therefore hold that petitioner is not entitled to rent deductions for the years 1988 and 1989 in excess of the amounts of $ 8,000 and $ 16,000, respectively. Respondent is sustained. Decision will be entered for respondent.